IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-35-BO

| | |
|---|---|
| CARSON SHAW, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 14, 2015, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on September 9, 2010, alleging disability since November 3, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's mild degenerative disc disease of the lumber and cervical spine, obesity, right elbow synovitis, status post injury were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform light work with exertional and nonexertional limitations. The ALJ then found that plaintiff could not return to his past relevant work, but found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled through the date of her decision.

Plaintiff contends that this case should be remanded for proper treatment of a treating source opinion and consideration of an opinion on disability by another governmental agency.

Substantial evidence supports the decision of the ALJ in this instance. While the ALJ did not specifically address the opinion of Dr. Barnwell, such opinion was not germane to plaintiff's disability determination. Dr. Barnwell opined in January 2006, following a motor vehicle accident, that plaintiff would be unable to lift or push/pull more than five pounds. Tr. 258. In February 2006, Dr. Barnwell opined that plaintiff could return to work with no restrictions. Tr. 348-49. Because plaintiff's alleged onset date was November 3, 2009, and Dr. Barnwell's limitation on plaintiff's exertional abilities lasted only a brief period, failure to mention Dr. Barnwell's opinion in this disability determination was not error.

Plaintiff next contends that the ALJ erred in failing to discuss plaintiff's Workers' Compensation decision. While decisions from other governmental agencies cannot be ignored as they may provide insight into a claimant's abilities, SSR 06-3p, the record does not reflect a decision by another governmental agency in this case. Rather, the record demonstrates that plaintiff settled his Workers' Compensation claim with his employer. Tr. 188-200. Moreover, the ALJ expressly considered the settlement and found plaintiff to be limited to a lower exertional level than was discussed in plaintiff's Workers' Compensation settlement, which found plaintiff to have a two-percent permanent partial impairment and that plaintiff could perform medium duty work. Tr. 190-91. Thus, even if the ALJ should have provided more detail in discussing plaintiff's Workers' Compensation settlement, any error was harmless.

Therefore, because substantial evidence supports her decision and the correct legal standard was employed, the decision of the ALJ is affirmed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 14] is DENIED and defendant's motion for judgment on the pleadings [DE 16] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this ___4___ day of February, 2015.

*[Signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE